VIOLA M. SCHLARB, Appellee, v. P. P. SCHLARB, Appellant.

**APPEAL AND ERROR: Undenied Abstract—Presumption.** It will
1 be conclusively presumed oh the final submission of an appeal that an undenied abstract contains all the evidence, the decree appealed from not reciting the offer or reception of any evidence.

**DIVORCE: Modification of Decree—Change in Condition.** Modifica-
2 tion of decrees of divorce in regard to financial support may be entered when there is proof of a substantial and material change, financial or otherwise, in the condition of the parties. (Code, Sec. 3180.)

  PRINCIPLE APPLIED: Modification by doubling the amount formerly allowed for support of children annulled, there being no showing (1) that defendant's ability to pay had increased, or (2) that plaintiff's ability to care for the children had decreased, or (3) that the expense of supporting the children had been mistakenly estimated. Only a very clear showing of a very radical change of condition will authorize a 100 per cent raise.

**DIVORCE: Modification of Decree—Default in Payments—Pen-
3 alty.** A modification of a decree requiring payments of $25 per month for support of two young children until they reached their majority to $50 per month, for the same period, the entire amount of $7,800 to fall due on default in any month's payment, *held* unreasonable.

**DIVORCE: Modification of Decree—Form of Application.** Modifica-
4 tions of decrees of divorce should be by supplemental petition, with full allegation of facts of change in conditions justifying such modification, and not by mere motion.

**DIVORCE: Custody of Children—Depriving Parent of—Showing
5 Necessary.** While in a proper case a parent may be wholly denied association with his or her children, yet such order should only be made upon the clearest proof of a sound reason therefor.

*Appeal from Polk District Court.*—HON. CHARLES A. DUD-
LEY, Judge.

THURSDAY, JANUARY 14, 1915.

THE opinion states the case and the material facts.—*Reversed.*

*John A. Guiher,* for appellant.

*McHenry & Deford,* for appellee.

WEAVER, J.—The parties were formerly husband and wife, but at the suit of the latter in the district court of Polk county, they were divorced June 19, 1909. The decree as then entered found that the parties had been duly married, that of said marriage there were two children, boys, aged respectively seven years and three years, concerning whose custody provision was made in the following words:

"It is further ordered, adjudged and decreed by the court, that the defendant shall pay to the plaintiff for the support, maintenance and education of said minor children the sum of $25.00 per month, payable monthly and commencing on the 20th day of July, 1909, until said minors shall attain their majority.

"And it is further ordered, adjudged and decreed by the court that said plaintiff shall reside with her said children in the school district in which Earlham, Madison County, Iowa, is situated, for at least five years from the date of this decree, and that the defendant herein shall have the right to visit said children at least once a week and that such visits are to be made at such reasonable and consistent times as may be convenient and proper, and that said children are to be accorded the right and reasonable occasion to visit with the defendant herein to the end that they may remain acquainted with both parties hereto and their relatives and retain their affection therefor with the provision however, that if for any fault of the defendant, or any unforeseen controlling event should render it reasonably impossible for the plaintiff to live and remain at said place with her said children, that

then in that case the said children may be taken to another point in Madison County, Iowa, within which county, however, they are to be retained, by the plaintiff, subject to the provisions herein until they arrive at their majority; and it is further provided that in case of the remarriage of the plaintiff herein, and that in that case, the defendant herein may apply to this court for such further reasonable order as he may be advised.

"And it is further provided that in case the said children should be taken out of school during the school year, except for necessary or proper cause, that the payment of the sum of $25.00 per month shall cease and terminate."

Plaintiff was also awarded in fee simple the family homestead, consisting of a house and three lots in the town of Earlham, and in addition thereto that the defendant pay her the sum of $5,000. The provision for alimony was made upon agreement of the parties.

On May 31, 1913, plaintiff filed a motion in said cause asking that the decree be modified by striking out the provision therein made for the custody and control of the children and in place thereof make said decree provide that such custody and control be awarded to the plaintiff absolutely; that the defendant be not permitted to visit the children at the home of the plaintiff or at any other time and place except such time and place other than plaintiff's home as may be directed by the court and for a limited time and in the presence of a third party. It was further moved that the provisions of the decree requiring plaintiff to keep said children in Earlham or in Madison county be stricken out and that she be given the right to remove therefrom with the children at her pleasure and that defendant be required to pay additional alimony for the children's support. In support of this motion, plaintiff filed her own affidavit saying that "since the said children have been in my possession the defendant has attempted by every means in his power to alienate the affection of the said children from me; that he has attempted to

induce the said children to disregard the teachings and advice of this plaintiff, and has encouraged them in attempting to nullify any discipline which I might seek to enforce in the said home; that he has encouraged the said children in doing that which is highly immoral, and has taught them to do and say immoral and improper things; that he has constantly slandered and vilified this plaintiff to her children, and has sought thereby to disinterest and extinguish any affection on the part of the said children for their mother. That he has almost constantly used in their presence all manner of vile, vulgar and obscene language and has taught the said children so to do, and that the influence of this defendant over the said children has been and is, in the highest degree detrimental to their morals. That the defendant has wilfully and intentionally abused the provision given to him in the said decree in regard to visiting the said children, and having them with him, and the best interest of these children requires that the said decree be modified in that regard, and that this plaintiff be permitted, and that she have the authority of this court to move away from the town of Earlham, Madison County, Iowa, at any time and to any place, which, in her judgment, would be for the best interest of the said children.''

Her attorney also made affidavit that defendant, having learned of plaintiff's intention to file such motion, had clandestinely disposed of his property and had since kept himself in hiding so that plaintiff was unable to get personal service of notice upon him. Upon this showing, a judge of the court below made an order for publication of notice of hearing upon said motion to be had June 30, 1913. On the date named in the notice, the matter was called for hearing. Defendant entered no appearance and the court, upon considering the motion, sustained the same and entered a supplemental decree which, after finding due notice to defendant by publication and also by personal service in Omaha, Nebraska, proceeds as follows:

"And the court proceeding to hear the facts and reasons urged in plaintiff's motion in the modification of the decree, finds that the said decree originally entered in this case should be modified in so far as the same pertains to the custody of the minor children, of the plaintiff and defendant, and as to the amount of alimony to be paid to the plaintiff for the support of the said minor children.

"It is therefore hereby ordered, adjudged and decreed by the court, that the plaintiff, Viola M. Schlarb, be and she is hereby granted the sole custody and control, and guardianship of the said minor children of the plaintiff, and defendant, and that the defendant P. P. Schlarb is hereby granted the right and privilege to visit the said children, if he so desires, twice each year, at some place reasonable and proper to be selected by the plaintiff and in the presence of some third person to be designated by the plaintiff.

"It is hereby further ordered, adjudged and decreed by the court that the defendant, P. P. Schlarb, pay to the plaintiff, Viola M. Schlarb, for the support of the said minor children, the sum of $50.00 on the first day of each and every month after the signing of the modification, and that such payments shall continue until each of the said minor children shall obtain their majority.

"And it is further ordered, adjudged and decreed by the court, that in case that the defendant shall default in any of these payments, that the full amount of the payments which would be made as contemplated by this modification during the minority of the said children, to wit: the sum of $7,800.00 shall become due and payable at once, and that the plaintiff shall have judgment against the defendant therefor, that of the provisions of the original decree herein which are inconsistent with this modification are hereby cancelled, and annulled, and all of which the defendant excepts."

The defendant appeals.

If there was any evidence in addition to the affidavits offered in support of the motion, the record does not reveal it.

Appellant's abstract is certified as containing "all of the record and proceedings had in said cause" and appellee's amended abstract neither offers nor suggests any amendment or addition

1. APPEAL AND ERROR: undenied abstract: presumption.

except with reference to the service of notice of the motion. The court in its decree does not state or recite the offer or introduction of any evidence. Its statement there is simply that the court "proceeding to hear the facts and reasons *urged in the motion*" finds, etc. We think, therefore, that it must be assumed that the court disposed of the motion, as is done with most motions, upon the statements therein made and the affidavits in support thereof.

We are convinced that the supplemental decree cannot be sustained. Had the court gone no further than to modify the restrictions upon plaintiff's custody of the children, we should be slow to interfere, even though the showing therefor be somewhat meager and unsatisfactory; for these matters are peculiarly

2. DIVORCE: modification of decree: change in condition.

and continuously the subject of supervision by the trial court, and if any order entered shall prove to have been made improvidently or is found to work a hardship upon anyone concerned therein, we can safely assume that the court will apply the proper remedy when moved so to do. But the court did not stop with setting aside all restrictions upon the plaintiff's custody of the children and imposing upon defendant's right to visit them conditions which render the privilege valueless, but going further it increased the charge placed upon him by the original decree for their support from $25 to $50 per month and ordered that upon default by him in the payment of any one of the monthly instalments, plaintiff shall have judgment against him in the full sum of $7,800.

We do not question the authority of the court under proper conditions and upon proper showing therefor to increase the allowance for support. The statute so contemplates and the courts have often so held. Code Sec. 3180; *Andrews v. Andrews*, 15 Iowa 423.

But such change or increase is allowable only upon proof of some substantial or material change in the circumstances, financial or otherwise, of the parties, making it equitable that the relief originally granted shall be enlarged. *Linquist v. Linquist,* 148 Iowa 259; *Kinney v. Kinney,* 150 Iowa 225.

This rule has its ground in sound public policy. To hold otherwise would afford opportunity to a married person to facilitate his or her divorce by an agreement with the other party upon the question of alimony (as was done in this case), and then when an irrevocable divorce is secured and without any change in circumstances or showing of fraud or undue advantage, return at once into court with a demand for a more favorable allowance simply because the first was inadequate. In this case, there is no showing in the record or claim in argument that since the divorce was granted the defendant's wealth or ability to pay had materially increased, or that plaintiff's ability to support and care for the children has been materially lessened, or that the trouble and expense of supporting the children is materially more than was reasonably to be anticipated when the alimony was agreed upon. In short, the condition precedent to interference with the judgment originally entered seems to be wholly lacking. Again

3. DIVORCE: modification of decree: default in payments: penalty.
we may say that a change or modification of alimony so great as is here made should not be granted except upon a very clear showing of an equally great and radical change in the circumstances of the parties.

Nor can we now conceive any sufficient justification for decreeing that a failure to pay any monthly instalment of alimony shall expose the defendant to the recovery of a judgment against him of $7,800. This provision is too manifestly unreasonable to leave room for argument in its support and it cannot be permitted to stand.

In reversing the supplemental decree, as in our opinion we must, it is, of course, without prejudice to plaintiff's right

to renew her application to the trial court for any modification of the original decree for which modification

**4. DIVORCE: modification of decree: form of application.**

she may believe or be advised there is good cause. We suggest, however, that such application should not be in the form of a mere motion supported by affidavits, but rather in a supplemental petition setting out the facts on which the claim for relief is demanded, thus informing the defendant of the allegations he has to meet and enabling him to take issue thereon. A further suggestion with reference to the custody of the children is also pertinent, in view of the very stringent restriction which the supplemental decree

**5. DIVORCE: custody of children: depriving parent of: showing necessary.**

undertook to place upon defendant's right to see the children. We can conceive that a showing might be made which would sustain an order entirely depriving the defendant of any right to meet or enjoy the company of his boys, but it ought to be admitted that no such extraordinary order should be made except upon the clearest proof of a sound reason therefor. A provision that he shall see them not oftener than once in six months and then only in the presence of a third person named by his former wife, whose feelings toward him are evidently very hostile, is scarcely better or more liberal than absolute and complete seclusion. This man is the father of these boys and as such is contributing to their support and education the monthly sum which he and plaintiff agreed upon. If he is not so wholly bad and disreputable as to have forfeited all legal and moral right to keep in some sort of touch with his own offspring, he ought to have reasonable opportunity to meet them and enjoy their society. This was recognized by the court in the original decree and should not be now denied without good cause. We know nothing of the facts in this case and have no disposition to prejudge them, and further judicial investigation may fully justify a supplemental decree substantially along the lines of the one we have now criticised. But we think such drastic and extraordinary provisions can

be upheld only upon some showing of fact upon proper allegations supported by sufficient proof, a condition which does not appear in the record now before us.

For reasons stated, the supplemental decree from which appeal has been taken is—*Reversed.*

DEEMER, C. J., EVANS, PRESTON and LADD, JJ., concur.