ANNETTE B. GUISINGER, Appellee, v. FORREST M. GUISINGER, Appellant.

**DIVORCE:     Decree—Application to Modify—Failure to Serve Notice.**
1   Failure to serve an adverse party in divorce proceedings with notice of a hearing to modify the decree becomes quite immaterial when such adverse party appears at said hearing in person and by attorney. (See Book of Anno., Vol. 1, Sec. 11087, Anno. 31 *et seq.*)

**DIVORCE: Decree—Modification—Adjudication of Grounds.** A modification of a decree of divorce as to the property rights of the parties may not be had on grounds known to exist at the time the decree was entered.

**DIVORCE: Decree—Modification—Unallowable Grounds.** An unappealed decree in divorce proceedings as to the property rights of the parties may not be modified on the grounds that the applicant did not "understand" the decree.

**JUDGMENT: Vacation—Motion as Proper Remedy.** A motion to set aside and vacate an order which is in excess of the jurisdiction of the court is proper.

**DIVORCE: Decree—Unauthorized Modification.** A decree in divorce proceedings to the effect that the wife should, until a named date, have the possession of certain property belonging to the husband, and that the husband, in the meantime, should pay off an existing mortgage and accruing taxes on the property, works a vested interest in the husband when he complies with the decree—an interest which the court has no jurisdiction to disturb by a subsequent order conferring the property absolutely on the wife.

Headnote 1: .19 C. J. p. 324. Headnote 2: 19 C. J. p. 274. Headnote 3: 19 C. J. p. 340 (Anno.) Headnote 4: 34 C. J. p. 269. Headnote 5: 19 C. J. p. 340 (Anno.)

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 17, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

APPEAL from an order of court refusing a rehearing of a former order which modified the divorce decree.—*Reversed.*

*John L. Thompson* and *H. H. Griffiths,* for appellant.

*Ed. R. Brown,* for appellee.

ALBERT, J.—On January 11, 1921, a decree of divorce was entered in this matter, which provided, among other things, that three certain lots in the city of Des Moines, which had been purchased on contract, were decreed the absolute property of appellee. The homestead property, known as 1704 West Twentieth Street, in the city of Des Moines, was disposed of in

the following manner: The appellee was given the sole use and occupancy of the same until April 24, 1926, or until she remarried. In either event, her right to the use and occupancy of the same was to be thus terminated. This property had a mortgage on it, the balance due being $1,200. Appellant was ordered to pay said balance, with interest, taxes, assessments, and public rates, and keep the property in repair, and insured for not less than $3,000 for the benefit of both parties as their interests appeared. It was further provided in the decree that, on the termination of appellee's occupancy of said property, appellant should pay her $780 in cash. He was also required to pay $12.50 per month for the support of each of the two minor children, these payments to cease upon their attaining majority, or upon the termination of appellee's right to occupy the homestead. The appellee was to rent out rooms in the homestead property, it being available for that purpose, and appellant was to receive two thirds of the proceeds of such rent.

This proceeding seems to have rung all the changes possible in a divorce proceeding.

On December 5, 1921, appellee filed an application to modify this decree, the material part of which states that she was unable to find suitable tenants for the rooms, and had only received $25 a month rent, instead of $45; that appellant had not kept the same in repair; that she had had sickness in the family; and that she did not understand the terms of the decree. She asks that she be given title to the home property and such lots, and for alimony, etc. Various pleadings were filed, and it appears that all former pleadings had been lost. An order was made to substitute pleadings for the lost pleadings, and the substituted pleadings were promptly lost.

In January, 1922, the appellant filed what is designated as an amendment to answer. Among other things he states that:

"The defendant desires full and complete settlement of the remaining property interests between plaintiff and defendant."

In December, 1922, he filed another amendment, in which he says that he has fulfilled every part of the contract and the terms of settlement set forth in the decree, and asks that he be given the home property in fee simple, clear of all claims of the

appellee; that the title be quieted in him; and for such other and further relief as to the court seems just and equitable.

On March 7, 1923, appellee withdrew her application for modification of the decree.

On the 19th of April following, appellant filed a motion for an accounting and for specific performance, to which appellee filed a reply and counter motion, wherein she alleges that defendant has not kept the property in repair; that since the entry of the decree her health has altered, and for that reason she has been unable to put in full time in working to support herself. She asks that the decree be modified, and for equitable relief. These pleadings were lost.

On the 11th of February, 1924, appellee filed another application to modify the decree, to which no resistance seems to have been filed. This application becomes of importance, and is therefore set out in *haec verba*, as follows:

"Comes now the plaintiff and prays the court to modify the decree heretofore entered herein on the 11th day of January, 1921, and as grounds therefor alleges and states:

"Par. 1. That this plaintiff commenced an action for divorce against the defendant, and alleging as grounds therefor such cruel and inhuman treatment as to undermine her health and endanger her life, and this plaintiff at that time was prepared to prove that the defendant had neglected the plaintiff, in that he failed to provide proper support for herself and their two minor children; that he abused her in language and action; and that she was required to take in washing and do sewing and go to the homes of others to do work for the purpose of supporting herself and her children. That, immediately preceding the application herein for a divorce, the defendant was associated with other women, and was untrue to the plaintiff.

"Par. 2. That all of the property possessed by the plaintiff and the defendant at the time of the filing of the petition for divorce herein was the result of the accumulations of the plaintiff, except that he had paid a small amount, not to exceed $75, on certain lots in Douglas Acres; and that in truth and in fact the defendant had no property at the time of the rendition of the divorce herein.

"Par. 3. That this plaintiff did not understand the import

and contents of the property arrangement made by the decree of divorce, a copy of which said decree is attached to defendant's motion for an accounting, and by reference made a part hereof; but immediately after being informed of the contents of the decree, as signed by the court, plaintiff sought the advice of counsel, and from that day to this has been endeavoring to get counsel who would file a petition for the modifying of said decree and a determination of plaintiff's rights in and to the property therein described.

"Par. 4. That the defendant is not entitled to any right, claim, or interest in and to Lot 10 in Pleasant Place, an addition now included in and forming a part of the city of Des Moines, and locally known as No. 1704 Twentieth Street.

"Par. 5. That the health of the plaintiff since said decree was granted has been altered, and she is not now physically able to do a sufficient amount of work to support herself.

"Wherefore, this plaintiff prays that the decree heretofore entered herein, fixing the property rights of the plaintiff and defendant, be modified and changed so that the plaintiff may be decreed to be the absolute and unqualified owner of the real estate hereinbefore described, and that any amount which the defendant may have paid in settlement of the balance of the mortgage on said described real estate be decreed to be as alimony to the plaintiff, and that the plaintiff have judgment against the defendant for the attorney fees of her attorney herein, and for the costs of this hearing, and for such other and further relief as shall in equity pertain."

No notice was served with this application upon the appellant.

On the 18th of February following, the matter came on for trial, and, after a hearing of the evidence and argument of counsel, decree was entered, reciting that "Forrest M. Guisinger appeared in person and by John L. Thompson, his attorney." The court found that the original decree of January 11, 1921, should be modified, and that the motion of the appellant for an accounting should be overruled. The decree was modified as follows: It gave to the appellee absolute and unqualified possession of all property which was, by the former decree, partitioned between the parties, and held that neither

party should have any claim or demand of any kind against the other growing out of the matters involved in that litigation.

On the 27th day of February, 1924, appellant filed an application to set aside the modifying decree just referred to, and asked that there be a reconsideration and rehearing of the matter involved in the application, and that the original decree be enforced, and that it stand as a finality between the parties.

On the 1st day of March, 1924, an order was made by the court, reciting the appearance of the attorneys for both parties and the substitution of pleadings for the lost pleadings, and continuing the hearing to the March term, 1924. On March 7, 1924, the appellee filed resistance to the application for rehearing. On April 5, 1924, the court made the following entry: "Motion for rehearing, etc., is overruled. Defendant excepts."

On April 12, 1924, appellant filed an amendment and reply, in which he raised the question of jurisdiction in the court to enter the order modifying the decree, dated February 18, 1924, stating as reason therefor that no such issue was raised by the pleadings, no notice was given to the defendant, and the original decree was such that it could not be changed under the law. He further alleges that, following the adjudication of the matter against appellee, she elected to take under the original decree, and receipted for money paid thereunder, and thereby acquiesced in the original decree; that she is now estopped by adjudication; that he relied on the same,—and he asks enforcement of the terms of the original decree. He further seeks to have the modification decree, entered on February 18, 1924, set aside.

On April 12th, the defendant also filed a motion for a bill of exceptions, which was met with a resistance that seems not to have been ruled upon.

On the 23d of December, 1924, the court entered an order as follows: "Amended motion for rehearing overruled." On the 24th of December following, appellant appealed from all of the decrees ruled on and orders and proceedings in said cause adverse to him.

Some facts that may throw a side light on this matter are that, after the entry of the original decree, the appellant paid off the mortgage referred to in the decree, paid taxes, interest,

and repairs, amounting in all to $2,100, and made payments to appellee amounting to $163. It further appears that, at the hearing on the application which resulted in the modification decree of February 18, 1924, the evidence was not reported. The modification decree entered on that date was not appealed from within the statutory time; hence, it must stand as a verity, unless it was successfully attacked by some of the later proceedings. Appellant's contention is that he had the right to attack said decree by an application for rehearing and to set aside the decree, because the court had no jurisdiction to so modify the original decree. He plants himself on the proposition that no notice was served on him of such application, and therefore the court was without jurisdiction. The modified decree, however, recites that not only the appellant's attorney, but also appellant himself, was present in court. This being so, no notice was necessary.

1. DIVORCE: decree: application to modify: failure to serve notice.

His second contention is that there was no jurisdiction in the court to enter the modifying decree, because there was no pleading on which such decree could have been entered. A review of the application for the modification decree above set out, shows that all the matters referred to in Paragraphs 1, 2, and 4 of said application refer to conditions and matters that existed before the trial of the original case, and of course were merged in and disposed of in that case. They are not available as a basis for application of this kind, that decree not having been appealed from.

2. DIVORCE: decree: modification: adjudication of grounds.

The matters set out in Paragraph 3 amount simply to a statement that the appellee did not understand the import and contents of the property arrangement made by the decree of divorce. This does not suggest a matter on which an application of this kind could be founded. The only matter alleged in the petition that bears any semblance of a basis for an application of that kind is the statement that since the decree appellee's health has altered, and she is not now physically able to do a sufficient amount of work to support herself. Much of the prayer, however, cannot be supported by the aforesaid allegation.

3. DIVORCE: decree: modification: unallowable grounds.

Appellee asks the modification of the part of said original decree which fixes the property rights of the parties, and that she be decreed to be the absolute and unqualified owner of the real estate hereinbefore described (being the homestead property), and that any amount which appellant has paid in settlement of the balance of the mortgage on the real estate be decreed to be as alimony to her, and that she have judgment against him for attorney's fees and costs, etc. If there is anything in this contention, it is not that there was a want of original jurisdiction in the court to act upon this application, but that the court exceeded its jurisdiction in making the order it did; and if the court exceeded its jurisdiction by so doing, then a motion to vacate or set aside such order was the proper proceeding.

4. JUDGMENT: vacation: motion as proper remedy.

It is conceded, or sufficiently shown by the record, that, after the original divorce decree was entered, which fixed the rights of the parties in the real estate, appellant paid off the mortgage on the home property, and paid interest and taxes and repairs to the amount of approximately $2,100. At the time this money was expended by him, he was paying it on his own property, because, under the decree, he had title to the same, and the appellee was only entitled to the use of it until April, 1926, at which time the decree provided that she was to vacate said property, and he was to pay her the sum of $780. We gather from the various pleadings herein that the original decree was entered by reason of an agreement between the parties as to the division of their property. It is quite apparent that the rights acquired by this appellant in the real property in controversy became vested by the original decree, and after they became so vested, it is not now within the power of the court, in a supplemental application of this kind, to divest him of such rights. While there can be no dispute over the proposition that the court, under proper application, could have provided for alimony for this woman in the future, if the circumstances showed such a change as would warrant such fixing of alimony for the future, we think it exceeded its jurisdiction when it confiscated all of this man's property and decreed the wife to be the absolute and unqualified owner thereof. We have had occasion to review this

5. DIVORCE: decree: unauthorized modification.

question somewhat fully in the case of *Delbridge v. Sears*, 179 Iowa 526. To warrant the court in changing the order of alimony, some facts must be alleged in the application which will warrant the court in making such a change. The court not only granted the prayer of said application in its fullness, but went further, and nullified the provisions of the original decree, which provided that appellant was to receive two thirds of the rent realized from the renting of rooms in the house in controversy. Appellee concedes that this brought in about $25 per month. This order is wholly retroactive in its effect, as the husband had a vested interest in these rents which cannot be taken away from him by such an order. Just why an order of this kind was entered in an equity court, which takes from the husband every dollar's worth of property he possesses in the world and turns it over to the wife, especially where there are no children to support (the girl having reached majority, and the boy having joined the navy), is beyond our comprehension. We feel that the court exceeded its jurisdiction, and that the order made by it was beyond its power. Therefore, the application made by the appellant for a rehearing and vacation of said order should have been sustained.

It appears, however, as noted above, that, on April 5, 1924, a note was made on the court's calendar that the application for a modification of the decree entered on February 18, 1924, was overruled; and therefore it is said that, no appeal having been taken thereafter within the statutory time, this appeal should be dismissed. The record, however, shows that subsequent pleadings and motions were filed by both parties to the litigation, and an effort was made to perfect a bill of exceptions, both parties participating therein, and that the court finally, on December 23, 1924, made the final order overruling defendant's application to set aside the modifying decree. The appellant perfected his appeal three days after the entry of this last order, and we feel that, under the circumstances, this was sufficient to avoid the running of the statute governing appeals. Therefore, the motion of the appellee to dismiss for want of jurisdiction is overruled.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.