JUNE K. JENSEN, appellee, v. CHARLES LESLIE JENSEN, appellant.

No. 50503.

MAY 8, 1962.

 

Hegland & Newbrough, of Ames, for appellant.

Frank H. Lounsberry, of Nevada, for appellee.

LARSON, J.—Subsequent to a divorce decree entered January 5, 1960, granting plaintiff custody of four minor children and $50 per month child support for each child, plaintiff filed her petition for modification on May 23, 1961, alleging that she could not properly care for the children as originally ordered and asking an increase. Hearing was had on June 2, 1961, before the same Judge who granted the divorce. The support allowance per child was raised to $90 a month, and defendant appealed, contending no substantial or material changes of circumstances or conditions were shown which would justify or permit that court modification. We agree.

 I. To justify the court in modifying such a decree by a subsequent order, it is the established law of this state that some material change must be shown in the circumstances of the

parties, financially or otherwise, making it equitable that other and different terms should be imposed. Kinney v. Kinney, 150 Iowa 225, 129 N.W. 826; Keyser v. Keyser, 193 Iowa 16, 186 N.W. 438; Metzger v. Metzger, 224 Iowa 546, 278 N.W.187; Staggs v. Staggs, 250 Iowa 938, 96 N.W.2d 736; Jones v. Jones, 251 Iowa 1148, 104 N.W.2d 449; Holesinger v. Holesinger, 252 Iowa 374, 107 N.W.2d 247.

Not every change of circumstances is a sufficient basis for modification. The changed circumstances, we have often said, must be substantial and such as was not within the knowledge or contemplation of the parties or the court when the original award was decreed. Holesinger v. Holesinger, supra; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34; Newburn v. Newburn, 210 Iowa 639, 641, 642, 231 N.W. 389; Pearson v. Pearson, 247 Iowa 437, 442, 74 N.W.2d 224.

II. It is often said that a good deal of discretion is lodged in the trial court in such matters and, although our review is de novo, we will give weight to the trial court's findings of fact. This is especially true where the same Judge heard both the original matter and the application for modification and where there is support for such findings. Reasonable modifications in such instances have been sustained. Holesinger v. Holesinger and Pearson v. Pearson, both supra. The reason given is that a strong presumption exists that the changed circumstances disclosed were not those reasonably contemplated when the original decree was entered. No such presumption exists here, for the evidence belies it.

Although plaintiff-appellee did not file a brief or argue the matter orally, she did agree that the Abstract of Record filed herein was correct. From it we glean the relevant and material facts pertaining to the controversy. Our decision must rest upon those facts.

In her application plaintiff alleged that pursuant to a stipulation of settlement incorporated in the court's decree, defendant was to pay her $50 per month as child support for each of their four children until the child reaches the age of eighteen years, completes his or her high-school education, marries, dies, or becomes self-supporting; that a daughter, Jeanan, became

18 years of age May 1, 1961, and "That plaintiff is not able to properly care for, support and educate said children on the sum of $150.00 per month as provided for by said original decree." She further alleged defendant is now living in Minnesota and is in a better position to adequately support the children. She asked "at least $100.00 per month" for the support of each child for the prescribed period.

Defendant answered denying that the sums paid her under the original decree were insufficient or that he was in a better financial position now to contribute to the support of the children.

From the record it appears that defendant had complied with the terms of the original decree, had turned over to plaintiff approximately $20,000 cash, a new Chevrolet station wagon worth $3500, and all the household equipment worth $5000. She had moved from Ames, Iowa, to Madison, Wisconsin, purchased a $23,300 house some four miles from a private denominational school attended by three of the children, and had expended $373 per month during 1960 for "food, clothing and personal appearance, operating the house and repairs, minor furnishings, health, recreation, education, church, gifts, automobile". She felt she could not live on less than $500 per month under present conditions. She owes $14,000 on the house, but has an equity of $5000 in a duplex in Ames, Iowa. In addition to the $50 per month per child received from defendant, she receives approximately $45 per month net rental from the duplex, has $3500 in a savings account, $400 in a checking account, and the 1960 Chevrolet station wagon. The household furnishings include a piano and a Hammond organ. While it appears she has used some of her own funds to maintain the family, she has suffered no unforeseen expenses or casualties. She has not worked because the youngest child is not yet of school age, but doubts her ability to hold a job because she has just learned she has arthritis. "Being a progressive thing, I don't know how long I will be able to work if I took a job" is the way she put it.

While we, like the trial court, sympathize with the desire and determination of a mother to provide a high standard of living for her children, we must also recognize the legal limitations upon a court to grant desired increases in allowances with-

out regard to actual changes in circumstances reasonably contemplated at the time of the original decree.

Defendant has not gone forward financially. He discontinued his successful contracting business in Ames, and is liquidating his interests in that locality. He testified that in April 1958, prior to the divorce, his net worth was $121,369.54 and his yearly income averaged $20,000 per year. Due to losses in liquidation and payments to plaintiff his net worth now is about $62,666.75. He stands to lose another $35,000 due to selling property at interest rates less than the amounts he must pay on loans previously acquired.

Defendant rents a three-room duplex in St. Paul at $60 per month. He receives from the landlord-minister and his wife maintenance and food for an additional $20 per month. He is not employed, and has received several unemployment checks of about $34 per month. Though physically fit and mentally able to pursue gainful employment, he has bent his efforts to the task of looking after his properties in Ames, doing odd jobs, and of liquidating his Iowa investments. His gross income from three duplexes is $660 per month, $210 per month from a house in Ames, and various sums of interest on property sold under contract. Actually his net income appears modest, to say the least. Plaintiff recognized this fact but said, "I think that was all brought on by his own doing. * * * I have no responsibility for it."

In cross-examination plaintiff stated she filed this application because she did not really understand the circumstances, the amount of support money necessary at the time of the original decree, and admitted that is the reason she was now asking for more money. To the question "It really doesn't have anything to do with any change in circumstances except for the fact you feel you now understand you have greater needs than you originally thought", she replied, "* * * as the children get older, the demands—all they need costs more. Clothing, for instance, for older children costs a lot more than it does for the young ones. You can make a lot of their clothes when they are young, but as they get into high school you can't make their clothes so much."

Plaintiff, it seems, had simply discovered her expenses of maintaining the household exceeded the amounts contemplated by her, and understandably she did not wish to use her own funds to pay for the expenses previously enumerated. She felt she could not live on less than $500 per month under present conditions and wanted defendant to pay a greater percentage of it.

Our question, then, is whether under this evidence of need, ability to pay, and change of circumstances or conditions, the trial court could modify the original divorce decree and increase the support payments to $90 per month per child. While need and ability to pay are of basic concern, both in the original decree and in an application for modification, they are not the sole consideration in such modification applications. Holesinger v. Holesinger, supra, 252 Iowa 374, 379, 107 N.W.2d 247, 250. As previously pointed out, it is also incumbent upon the applicant to plead and prove some substantial or material change in the circumstances of the parties making it equitable that the relief originally granted be enlarged. Dawson v. Dawson, 249 Iowa 588, 88 N.W.2d 117, and cases cited. Sound public policy requires such a rule. Schlarb v. Schlarb, 168 Iowa 364, 370, 150 N.W. 593.

III. Section 598.14, Code of 1958, provides:

"When a divorce is decreed, the court may make such order in relation to the children; property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

The construction given this statute in Keyser v. Keyser, supra, 193 Iowa 16, 17, 186 N.W. 438, has been followed continuously by this court. As to the circumstances justifying change, we said: "While the statute contemplates that changes may be made in an award * * * after a final decree has been entered, it is only when there has been a substantial change in the conditions of the parties that a modification should be made. An award * * * entered in a final decree is not to be regarded as a variable sum, to be adjusted either upward or downward with each fluctuating change in the conditions of the respective

parties. Such a decree is entered at the time, with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all of the circumstances. When this is done, such decree is conclusive, and should not be disturbed, unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice, under changed conditions."

There we held a decrease in the earnings of the appellee six months after the entry of the decree was not such a substantial change in the situation of the parties as can be said not to have been within the contemplation of the court at the time the decree was entered, or such as would cause the original decree to work a positive injustice or wrong. Perhaps the admonition of the court there could be applied here when it pointed out to applicant that under the original award some "rigid economy and some self-denial" will be required. We also note that care and economy must always be exercised when the assets and earnings of one family unit must be used for the support of two. It must be assumed this fact is understood by the parties to such a contest, that such is contemplated by them, and that the usual result is that both must live on a reduced scale.

IV. It is true that we recognize the wide discretion a trial court has in passing upon the advisability or necessity for modification of a divorce decree and that this court will not disturb such a change unless there is an abuse of discretion. Holesinger v. Holesinger, supra; Cummings v. Cummings, 248 Iowa 831, 837, 82 N.W.2d 676; Lyons v. Lyons, 240 Iowa 698, 699, 37 N.W. 2d 309. But unless the plaintiff has carried her burden to prove by a preponderance of the evidence that there was a substantial change of conditions which could not reasonably have been within the contemplation of the parties and the court at the time the original decree was entered, or that its terms, if carried out, would work a positive injustice or wrong, the modification would be improper. Pearson v. Pearson, 247 Iowa 437, 74 N.W.2d 224.

The court in such instances does not retry the issues in the original action for that is the function of an appeal. Guisinger v. Guisinger, 201 Iowa 409, 205 N.W. 752. In such proceedings as these the court must confine itself to adopting the original decree to the changed circumstances of the parties.

V. Under this record it is hard to find any change of circumstances or conditions of the parties other than those which would reasonably be contemplated by them and the court when the rather complete stipulation was agreed to and was approved by the court. Both parties were represented by able counsel and, although the support payments were not too large, no extraordinary expenses not reasonably anticipated appear, and we must conclude no adequate showing was made to justify any increase at this time. Plaintiff's explanation that she did not realize the costs of everything she deemed necessary and desirable to properly support the children is not, of course, ground for modification. There is no present hardship or injustice apparent, no unusual or unexpected expenses, illness, or other condition that did not exist when the original decree was entered. These are conclusive facts under this record. True, she may have to exercise some economy and do without some desirable facilities, but defendant's financial status has also suffered considerably. He has lost over one half of his property, a condition which might not have been anticipated. At least there is no claim the present payments continued will be a hardship upon him or be unjust.

To affirm the conclusions of the trial court herein would indeed be an approval of a scheme by which a married person, in order to facilitate his or her divorce, agrees to certain awards and, when an irrevocable divorce is secured, without a change in circumstances, comes back to the court and obtains a more favorable allowance simply because the first was inadequate. We specifically condemned such practice as against public policy in Schlarb v. Schlarb, supra. Its logic cannot be disputed.

The modification here raising the plaintiff's allowance to $90 per month per child must, therefore, be set aside.—Reversed.

All JUSTICES concur except MOORE, J., who takes no part.