**In re the MARRIAGE OF Lilith Johnson SANDERS and Robert Earl Sanders.**

**Upon the Petition of Lilith Johnson SANDERS, Appellee, and concerning Robert Earl SANDERS, Appellant.**

No. 2–58832.

Supreme Court of Iowa.

June 29, 1977.

Lawyer, Lawyer, Dunn & Jackson, Des Moines, for appellant.

Michael G. Shepherd, Des Moines, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

PER CURIAM:

A decree was entered on September 17, 1975, dissolving this thirty-year marriage, settling property rights and awarding alimony to the petitioner, Lilith Johnson Sanders. The appeal concerns itself solely with the amount and conditions of the alimony provisions of the decree. We affirm.

The decree provided as follows:

"It is further ordered, adjudged and decreed that respondent shall pay to petitioner through the Friend of the Court the sum of $500 per month, payable one-half on the first day of each month and one-half on the fifteenth day of each month, to commence on the first day of September, 1975, and continuing thereafter as set out above until such time as petitioner remarries, openly cohabitates with another man or upon the death of respondent, whichever shall first occur. When the respondent reaches the age of retirement or age 65, whichever shall first occur, this alimony shall be reduced and shall be based on his pension from his employer and the social security benefits received by each party. *The court contemplates that petitioner will be making additional income over and above the $178 per month she has been earning from her sales of Avon products in the making of this award for alimony.*" (Emphasis added.)

■ Respondent's principal complaint concerns the italicized language set out above. He argues the court has made it almost impossible for him to secure a later modification of alimony payments by stating the award contemplated the petitioner would be earning more than she then was. In other words, even if her income should increase substantially, the respondent could not obtain a modification because, under the decree, that would not be a change of circumstances. *See Pucci v. Pucci*, 259 Iowa 427, 432–433, 143 N.W.2d 353, 357 (1966).

We do not read the decree as broadly as respondent does. When viewed in the context of the evidence, petitioner's testimony was she was confident of increasing her monthly take-home pay from $178, which she was then making, to $350 per month. The trial court accepted this in fixing the amount of alimony. This, we believe, was as far as the decree goes, and it is to respondent's advantage, rather than to his detriment. Otherwise it appears likely that the trial court would have increased the

alimony to make up the difference between petitioner's actual earnings of $178 and her anticipated earnings of $350. On this record, we find no merit in respondent's argument.

Respondent also complains that the amount of alimony is both too much and continues too long. We cannot agree. In response to respondent's motion under Rule 179(b), Rules of Civil Procedure, the trial court made this additional finding:

"In making the property settlement respondent was given his vested pension fund with his employer. Respondent makes about $20,000 per year. The $6,000 per year awarded petitioner is taxable to petitioner as income and deductible to respondent. This reduces respondent's income to $14,000 per annum and assures petitioner of $6,000 per annum plus what she can make. These parties have been married twenty-five years. Petitioner worked while respondent attended college. She worked during most of the marriage and provided a home. She performed the services of a wife and mother for twenty-five years. She is now 52 years of age. The principal accumulation is the home which the court had to order sold to accomplish an equitable distribution of assets. Her expenses listed in her financial statement appear to be reasonable to support her in the manner in which she has been supported during the marriage. * * *."

As pointed out there, the marriage was of long duration. Petitioner was helpful to respondent in getting him started and worked so he could complete his education. Over the years she sacrificed her own earning ability in order to make a home for him and their child. Partially because of her efforts, his earnings are now substantial. Hers are not. We hold the award as made was justified under this record both as to amount and duration. *See Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968).

We have reviewed the authorities cited by respondent, but find nothing there to justify a modification of the decree. In dissolution cases, there is little helpful precedent in prior decisions. Each case is peculiarly dependent on its own circumstances.

Petitioner asks for attorney fees. An award was made by the trial court of $750 for services of her attorney rendered there. We direct respondent pay petitioner's attorney an additional $500 toward this appeal.

AFFIRMED.