In re the MARRIAGE OF Vickie Ann MAYER and Thomas Francis Mayer.

Upon the Petition of Vickie Ann Mayer, Petitioner-Appellee,

And Concerning Thomas Francis Mayer, Respondent-Appellant.

No. 83–913.

Court of Appeals of Iowa.

Feb. 21, 1984.

Max E. Kirk of Ball, Kirk & Holm, P.C., Waterloo, for respondent-appellant.

Joe Nutting, Waterloo, for petitioner-appellee.

Considered by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Thomas Mayer, respondent, appeals the trial court's order modifying the child support provisions of the decree of dissolution in this matter, and the court's refusal to grant him temporary custody of one of the parties' children. We affirm.

Vickie Ann Mayer and Thomas Francis Mayer were divorced in 1975. Under the terms of the decree of dissolution entered at that time, Vickie was granted custody of the parties' three children. Thomas was ordered to pay child support, and, at the time of the modification hearing, he was obligated to pay $600 per month as child support. Vickie and the children now live in a suburb of Atlanta, Georgia.

Initially, Thomas brought a modification action to deal with changes he urged in the visitation schedule fixed in the decree. No issue concerning visitation is preserved in this appeal. By amendment, Thomas asks that the decree be modified to place temporary custody of the parties' child, Dennis, born in 1970, with him, claiming that he is better able to deal with Dennis's emotional and educational needs than is Vickie. Thomas suggests that the court grant him temporary custody of Dennis so that he may attend to the child's emotional and educational needs.

Following the filing of Thomas's petition to modify the decree, Vickie filed her application for modification, seeking a modification of the child support provisions of the dissolution decree. Vickie alleged, as grounds for modification, a deterioration of her financial condition and an improvement of Thomas's financial condition. She also alleged that the parties' minor child, Dennis, was suffering from emotional and educational problems requiring him to attend a special school. She asked that the child support payable by Thomas be increased.

Following trial, the court required Thomas to pay an additional $400 per month for the tuition of a special school for Dennis. Such payment was ordered for as long as Dennis attended Howard School in Atlanta, Georgia, but not more than a total of eleven months. Such payment is in addition to the $600 child support payable under the original decree. Thomas's request for temporary custody of Dennis was denied.

Thomas contends, in his brief, that the trial court erred in finding that there was a substantial change in his financial circumstances which justified an award of additional support. We do not interpret the trial court's ruling as making such a finding. While the trial court did examine the financial condition of both parties as it is required to do under Iowa Code section 598.21(8), it commented that the company of which Thomas is president had reduced his salary and that certain of his real estate investments had fallen in value. Although the fact Thomas's new wife is employed and contributes substantially to the family income may be considered by the court in determining Thomas's overall financial condition, the record does not show that such fact was considered by the court in assessing Thomas's financial condition. *Page v. Page,* 219 N.W.2d 556, 558 (Iowa 1974). The trial court instead relied upon the needs of the parties' child, Dennis, for a change of circumstances and Thomas's superior ability to pay in determining the amount of increased support.

▮▮▮▮ I. Our review of this equity action is **de novo.** Iowa R.App.P. 4. While

we are not bound by the findings of the trial court, we do give weight to them especially where credibility of witnesses is involved. Iowa R.App.P. 14(f)(7). While a substantial change in a party's financial circumstances may be a sufficient basis for modification of support provisions, it is not the sole change of circumstances that will justify modification. Iowa Code § 598.-21(8); *Moen v. McNamara*, 272 N.W.2d 438 (Iowa 1978); *Pucci v. Pucci*, 259 Iowa 427, 143 N.W.2d 353 (1966); *Jensen v. Jensen*, 253 Iowa 1013, 114 N.W.2d 920 (1962) (wife injured and disabled from work an adequate change of circumstances to justify modification of support).

> [T]he basic rules governing matters of this kind are that child custody and support provisions of a divorce decree are final as to the circumstances then existing, that such provisions will be modified only where it is proven by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the children requires, or at least makes expedient, such modification, that in matters of this kind the children's welfare is the controlling consideration, that not every change of circumstances is sufficient basis for modification of a divorce decree, and that a decree will not usually be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions.

*Pucci v. Pucci*, 259 Iowa at 432–33, 143 N.W.2d at 357.

■ Such changed conditions must be such as were not within the knowledge or contemplation of the court when the former decree was entered, and a modification should be based upon a change of circumstances more or less permanent or continuous, not temporary. *Id.*, 259 Iowa at 433, 143 N.W.2d at 357; *Simpkins v. Simpkins*, 258 Iowa 87, 90, 137 N.W.2d 621, 623 (1965); *Welch v. Welch*, 256 Iowa 1020, 1025, 129 N.W.2d 642, 644 (1964); *Jensen v. Jensen*, 253 Iowa at 1014–15, 114 N.W.2d at 921.

In *Pucci*, the modification was sought partially because:

> ... one child, Lynne, age 9, because of poor health and a poor scholastic showing, was placed in an accredited parochial school, and the older boy, James, age 14, due to scholastic proficiency, had been admitted to Lane Technical High School. Both transfers, being unanticipated, had substantially increased plaintiff's school and transportation expenses.

*Pucci v. Pucci*, 259 Iowa at 434, 143 N.W.2d at 358.

■ II. Our **de novo** review indicates that there has been a substantial change in circumstances since the decree in this case. The trial court found, and our review of the record demonstrates ample support for the finding that Dennis is in need of special schooling. The emotional or educational problems that Dennis is having are not such matters as were contemplated at the time of the entry of the decree. We believe that to deny a modification to deal with Dennis's problems would result in a positive wrong or injustice as a result of the changed conditions.

It is the law of Iowa that the changes considered should be "more or less" permanent in nature and not a temporary condition. It appears in this case that Dennis's condition qualifies as one that is "more or less" permanent. His emotional problem or learning disability (as it seems likely from the record) is a long term condition. The record indicates that Dennis's scholastic difficulties commenced a few years after the entry of the dissolution decree and have continued for several years. The trial court acceded to a request to obtain additional support to make an effort to resolve the problem by the attendance of Dennis at the expensive special school.

As stated in the *Pucci:*

> ... [A] primary and governing consideration, we have often said, is the best interest of the children, and when occurring changes are substantial, and when an increase seems necessary for proper child care and support, and when the increase will not result in a positive

wrong, injustice, or undue burden on the father, it is proper. (citations omitted).

We hold that the difficulties being experienced by the parties' child, Dennis, constitutes a sufficient change in circumstances to justify modification of the child support provisions of the parties' dissolution decree. The award of additional child support for the period of Dennis's attendance at the special school, not to exceed the period of eleven months from the commencement of such extra support, was proper and we affirm the trial court in granting that award.

III. Thomas also complains of the trial court's refusal to make a temporary change in the custody of Dennis. It was his belief that he could take Dennis into his home for a brief period and, obtaining such special help as was available in the public schools at his place of residence, resolve Dennis's problems without the burdensome expense of the special school where Dennis has been going. Such a change in custody would require removal of Dennis from the home where he has lived in the custody of his mother since 1975, and separation of him from his siblings. Both of these conditions are discouraged under Iowa law. *In re Marriage of Jones*, 309 N.W.2d 457, 461 (Iowa 1981) (siblings ordinarily should not be separated); *Slidell v. Valentine*, 298 N.W.2d 599, 605 (Iowa 1980) (noncustodial parent seeking modification of child custody must show a superior ability to minister to child's well-being); *In the Interest of Voeltz*, 271 N.W.2d 719, 724 (Iowa 1978) (child custody should be quickly fixed and little disturbed). The trial court was correct in refusing Thomas's request for a temporary change in custody.

We affirm the trial court on all issues.

AFFIRMED.