33 N.J. Super. 545 (1955)
111 A.2d 96
DOROTHY H. PRICE, PLAINTIFF,
v.
HAROLD PRICE (ALSO KNOWN AS CHESTER ARTHUR PRICE), DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 4, 1955.
*546 Messrs. Karkus & Kantor, attorneys for plaintiff.
Messrs. Durand, Ivins & Carton, attorneys for defendant.
NIMMO, J.C.C. (temporarily assigned).
This is an application by plaintiff to have the judgment, heretofore entered on August 20, 1952, opened and reconsidered. The judgment recites an agreement whereby plaintiff received a gross sum settlement of $12,000 in lieu of past, present, and future alimony. In addition thereto plaintiff's then attorney was allowed a counsel fee of $500. The agreement has been complied with and the said sums of money have been paid.
Plaintiff moves for allowance of further support and maintenance as well as counsel fees and costs on the ground *547 that the judgment was merely pro forma and that she is now destitute and without means of support except by her own exertions, and defendant can well afford to pay additional support.
The law of this State is well settled, that a divorced wife who has not remarried and who is destitute may apply for further relief even though a gross sum settlement has been made. The husband has a continuing duty to support his divorced wife and the enforcement thereof comes within the jurisdiction of this court. The continuing duty to support is grounded in public policy and is something the parties themselves cannot bargain away. Parmly v. Parmly, 125 N.J. Eq. 545 (E. & A. 1939).
Unfortunately we do find judgments where the court has not inquired into the circumstances of the parties and an allowance is made; to use the words of the statute, whether it is "fit, reasonable and just" has not been fully considered by the court. It is then that we encounter the plea that the settlement sanctioned by the court was pro forma. It is urged that the judgment here under review comes within the meaning of this term. Every judgment should be founded on a finding of fact, else it is but a mere formality, a characteristic that should never be true of any judgment of a court.
Alimony is a continuing thing, as Justice Heher points out in the Parmly case, supra, and the court can from time to time regulate the quantum of alimony as the need therefore may require.
A gross sum settlement in lieu of future alimony is not looked upon lightly, especially when both parties are competent and are represented by attorneys, even though it may be pleaded that such settlement was sanctioned by the court in a pro forma manner. The court was activated by the parties and their attorneys. A $12,000 settlement made two years ago cannot be declared inadequate or unfair simply upon a showing that it was pro forma part of the judgment.
It is now shown that the defendant has remarried and has two children. No children were born of the plaintiff and *548 the defendant. It is not disputed that defendant is paying $300 a month plus interest, to liquidate a loan he obtained to meet the settlement of $12,000. From answers to interrogatories propounded to defendant it appears that he has a weekly wage of $72, and receives $797 a month from a trust fund out of which he is liquidating the $12,000 loan. He is also indebted in the amount of $4,500 for back income taxes that he is paying off at the rate of $100 per month. In answers to interrogatories propounded to plaintiff she discloses that out of the $12,000 settlement she received, she paid counsel fees to her then attorney as well as some indebtedness to a total of $3,350, so that all she had left was $6,850. Her improvidence can hardly be charged to the defendant.
Plaintiff has not remarried and is without child. There is no convincing proof that she is suffering any disability.
Defendant cited the case of Schluter v. Schluter, 17 N.J. Super. 496 (Ch. Div. 1951), as applicable to this application. The facts are not entirely the same. Furthermore, this court does not agree that gross sum settlements should be encouraged. They are fraught with dangers and are often a delusion and a snare. Reoccurring litigation indicates that the sounder view is expressed by Justice Heher in the Parmly case, supra, that alimony is "money payments of the character of an annuity."
Weighing the positions of the parties in the instant matter and the proofs submitted on this application, this court is of the opinion that had the same facts been before the court when the judgment nisi was entered, the gross sum settlement of $12,000 would have been approved. About two years has elapsed since the settlement was made and this court is constrained to find that the application of plaintiff for further support at this time should be denied, as well as counsel fees.
Judgment in conformity herewith will be entered.