128 N.J. Super. 285 (1974)
319 A.2d 779
PRISCILLA S. MEERWARTH, PLAINTIFF,
v.
RALPH N. MEERWARTH, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
April 26, 1974.
*287 Mr. Bernard F. Conway for plaintiff.
Mr. Gary N. Skoloff for defendant (Messrs. Skoloff and Wolfe, attorneys).
MacKENZIE, J.J. & D.R. Ct., Temporarily Assigned.
Plaintiff Priscilla S. Meerwarth and defendant Ralph N. Meerwarth were divorced by judgment of this court dated July 18, 1973, which judgment additionally provided for alimony to be paid to plaintiff in the amount of $25,000 a year and for equitable distribution pursuant to N.J.S.A. 2A:34-23. Plaintiff now seeks an order of this court permitting her to obtain, at her expense, life insurance on defendant's life, and directing defendant to cooperate with same to the extent of submitting to physical examination and signing all necessary papers.
Defendant argues that (1) plaintiff has waived her right to raise this issue now by her failure to raise same during litigation which stretched over about 15 months; (2) defendant does not believe in life insurance or its necessity, and there was no life insurance in effect at any time during the marriage; (3) plaintiff is financially secure both for the present and for the anticipated future, and (4) defendant has a constitutional right not to submit to a physical examination.
The waiver argument cannot be permitted to prevent the court from proceeding to an adjudication on the merits. Although it is correct that "a waiver connotes a voluntary and intentional relinquishment of a known right or claim," Goodpasture v. Goodpasture, 115 N.J. Super. 189, 197 (Ch. Div. 1971), it is clear that plaintiff's request is grounded in "the continuing duty to support" which can neither be bargained away nor waived. Price v. Price, 33 N.J. Super. 545, 547 (Ch. Div. 1955).
Proceeding to substance, it is argued by defendant that to permit plaintiff this life insurance would serve to prolong the obligation to pay support beyond his death, in *288 contravention of the rule expressed in Khalaf v. Khalaf, 58 N.J. 63, 70 (1971). See also, Martindell v. Martindell, 21 N.J. 341, 354 (1956). However, this rule is grounded in the public policy favoring the prompt settlement of a decedent's estate, and does not apply in this case where the payment after death would come from a collateral third-party source, namely an insurance company.
On the other hand, this court does not agree with plaintiff's argument that such an order as here sought is permitted under authority of Grotsky v. Grotsky, 58 N.J. 354 (1971). In that case life insurance in effect at the time of the divorce was required to be continued for the benefit of the children of the marriage. See Note, 67 Harv. L. Rev. 1074 (1954), expressing the rationale for this rule as the continuing obligation for support of children, which obligation is of paramount court concern and is derived from common law, while the alimony obligation is statutory.
Considering that plaintiff does have an insurable interest in the life of defendant, Novern v. John Hancock Mut. Life Ins. Co., 107 N.J. Super. 570, 577 (Law Div. 1969), it is not improbable that, even absent children, an insured could be ordered to maintain life insurance in existence at the time of divorce for the sole benefit of a spouse; but there is no existing life insurance in this case. Cf. N.J.S.A. 17B:24-1; Mooney, "Insurance in Divorce Cases: Unsettled Rights Mean Future Litigation," 41 A.B.A.J. 315 (1955).
Defendant finally argues that he has a constitutional right which must defeat plaintiff's demand. Although plaintiff has not waived her right to request life insurance and does possess an insurable interest, and although the Khalaf rule terminating support on the death of the payor-spouse does not apply, this court is persuaded by the constitutional argument advanced by defendant.
That there exists a constitutional right to privacy can no longer be challenged. See Roe v. Wade, 410 U.S. 113, 152-156, 93 S.Ct. 705, 35 L.Ed.2d 147, 176-179 (1973), *289 and authorities cited therein. The right of privacy arises from the penumbras of the Bill of Rights, especially the Fourth and Ninth Amendments, and has been made applicable to the States by the Fourteenth Amendment to the United States Constitution.
However, this right is not absolute, and its parameters are continually being defined. The Supreme Court in Roe v. Wade noted that the right does not go so far as to give one "an unlimited right to do with one's body as one pleases," but it may be regulated by the state if such regulation is justified by a "compelling state interest." 410 U.S. at 154-155, 93 S.Ct. at 727-728, 35 L.Ed.2d at 177-178.
A potential state interest may be seen in "the continuing duty to support [which] is grounded in public policy and is something the parties themselves cannot bargain away." Price v. Price, supra. Thus, there is considerable state interest that the wife be protected from potential destitution.
On the facts of this case, it cannot however be said that the state interest is so compelling as would override defendant's right to privacy which protects him from mandatory physical examination. Not only does plaintiff regularly receive alimony amounting to $25,000 a year, but she also acquired considerable assets by way of equitable distribution in the judgment of divorce. To argue that plaintiff may become a burden on the State and that the aforementioned state interest is compelling clearly lacks merit.
Plaintiff's motion that the court order defendant to submit to a physical examination so that she may secure life-insurance on defendant's life is therefore denied.