In re the MARRIAGE OF Gary L. PIEPER and Loris M. Pieper.

Upon the Petition of Gary L. Pieper, Appellant,

and Concerning Loris M. Pieper, Appellee.

No. 84–1243.

Supreme Court of Iowa.

June 19, 1985.

Gary L. Robinson and Janice R. McCool of Klinger, Robinson & McCuskey, Cedar Rapids, for appellant.

John H. Ehrhart, Cedar Rapids, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

UHLENHOPP, Justice.

This appeal involves an allowance in a modification proceeding of monthly child support for college expenses.

Gary L. and Loris M. Pieper have a son, Mark L. Pieper, born November 7, 1965. On March 19, 1975, the Iowa district court dissolved the Piepers' marriage, awarded custody of Mark to Loris subject to visitation by Gary, and decreed as follows regarding child support:

Petitioner [Gary] shall pay to the Clerk of this Court as child support for the minor child of the parties the sum of $55.00 per week until the second Monday of December in 1977 when said sum shall increase to $65.00 per week. Child support obligations shall terminate when the minor child of the parties reaches 18, and shall commence on March 31, 1975.

At the time of the dissolution Gary was employed in sales at an annual salary of about $12,000. Loris worked for Prudential Bache Securities and earned about $6400 annually. Gary subsequently married again, but Loris did not.

As Mark grew in stature he became adept at basketball. He evidently also developed into an able student.

Regarding the parties' respective incomes at the time of the present modification proceeding, Gary filed a financial statement showing an annual income of $41,289.32 as of February 1984. His present wife also works full time outside the home. Loris earned $12,102 in 1981 and $20,235 in 1982. In 1983 she lost her job; that year she earned $11,594 and received unemployment compensation of $4011. In September 1983, she was in an automobile accident, and subsequently received therapy three times weekly.

Mark became eighteen on November 7, 1983, and Gary ceased paying child support. Mark was then a senior in high school and intended to attend college. On December 20, 1983, Loris filed the instant application to modify the original decree to provide support for Mark during completion of high school and at college.

Loris subsequently obtained a job as a representative of IDS American Express and earned $1615 from January 1984 to the date of trial in June 1984. As of the latter date her compensation was $500 monthly plus commissions.

The evidence at trial disclosed that Mark intended to attend Concordia College commencing August 26, 1984. At that time the annual cost at Concordia was $6300. Mark would also have expenses for transportation, clothing, and perhaps medical and dental care. The college promised him annual scholarships of $3000 if he maintains a 3.5 grade-point average and plays basketball.

In its supplemental decree of August 4, 1984, the trial court reinstated the child support payments commencing with opening of college in August 1984 and continuing until Mark reaches twenty-two and while he is in a college, university, or area school (including school vacation), and raised the support to $85 weekly. Gary appealed, urging two grounds for reversal.

■ I. Gary's first ground is that a material, uncontemplated change of circumstances does not appear. On this record we have no difficulty upholding the trial court's finding to the contrary. Iowa Code § 598.21(8) (1983); *Spaulding v. Spaulding*, 204 N.W.2d 634 (Iowa 1973); *Wells v. Wells*, 168 N.W.2d 54 (Iowa 1969).

■ II. Gary's other ground for reversal is that after he had completed the payments under the original decree and Mark had become of age, the district court had no right to resume his child support obligation and to increase it. He couches this ground in terms of the court's "jurisdiction" but we think the question is rather a matter of a rule of law: whether we have a rule that a dissolution decree for child support is not subject to modification after the

original payments are completed and the child is of age, to impose educational child support to age twenty-two.

At the time of the original decree a person attained majority at age eighteen. 1972 Iowa Acts ch. 1027, § 48. We have held that the age of majority provided by statute at the time of the original decree governs in later modification proceedings. *In re Marriage of Harless*, 251 N.W.2d 212 (Iowa 1977). We thus hold for modification purposes that Mark had attained his majority prior to the time the present application for modification was filed.

■ We first note that we are not dealing with an independent action by the wife, outside the marriage dissolution statute, such as in *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762 (1932). The pertinent provisions in the Iowa marriage dissolution chapter are sections 598.1(2), 598.21(4), and 598.21(8) of the Iowa Code of 1983. Section 598.1(2) provides:

> "Support" or "support payments" means any amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe such obligations. Such obligations may include support for a child who is between the ages of 18 and 22 years who is regularly attending an approved school in pursuance of a course of study leading to a high school diploma or its equivalent, or regularly attending a course of vocational technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs; or is, in good faith, a full-time student in a college, university, or area school; or has been accepted for admission to a college, university, or area school and the next regular term has not yet begun; or a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

Section 598.21(4) provides in relevant part:

> Upon every judgment of ... dissolution ... the court may order either parent or both parents to pay an amount reasonable and necessary for support of a child. ...

Section 598.21(8) provides in relevant part:

> The court may subsequently modify orders made under this section when there is a substantial change in circumstances. Any change in child support because of alleged change in circumstances shall take into consideration each parent's earning capacity, economic circumstances and cost of living. Modifications of orders pertaining to child custody shall be made pursuant to Chapter 598A. If the petition for modification of an order pertaining to child custody asks either for joint custody or that joint custody be modified to an award of sole custody, the modification, if any, shall be made pursuant to Section 598.41.

Under the latter section a dissolution court has continuing authority to modify a child support clause in the original decree. *Hart v. Hart*, 239 Iowa 142, 30 N.W.2d 748 (1948); 27B C.J.S. *Divorce* § 322(1).

Gary's second ground for reversal involves two problems: (1) whether a court in a modification proceeding after the original child support has been completed can require educational child support to be provided and, if so, (2) whether the court may do so although the child has achieved his majority.

III. We resolved the first of those problems in *Willcox v. Bradrick*, 319 N.W.2d 216 (Iowa 1982). In that case the child support requirement under the original decree had been performed as to the child in question. We nonetheless held that the dissolution court could modify the decree and grant further child support. Applied to this case, the completion of child support by Gary under the original decree would not prevent a court from requiring child support for college expenses.

IV. In *Willcox* we were not required, however, to deal with the second question which we have here: the effect if any of

442

attainment of majority by the child before the modification. As the Willcox child had not attained majority, we did not have to decide whether attainment of majority would cut off authority to modify; we instead called attention to the minority of the child in question. We now, however, squarely confront the question of whether a court has authority to modify for college expense if the child has become of age before the modification is requested.

Formerly our dissolution statute authorized allowance · of child support, defined "minor child", but did not expressly refer to the period after the child attained majority. Iowa Code § 598.1(2) and (3) (1971). Under similar statutes courts held that authority to require child support by modifying a divorce decree ends when the child attains majority. *Showalter v. Showalter,* 497 S.W.2d 420 (Ky.1973); *Kelly v. Kelly,* 329 Mo. 992, 47 S.W.2d 762 (1932); *Smith v. Smith,* 168 Ohio St. 447, 156 N.E.2d 113 (1959); *Reynolds v. District Court,* 198 Okl. 326, 177 P.2d 830 (1946). Subsequently, however, our General Assembly amended the section in question to include educational child support to age twenty-two, as we have previously quoted the statute. 1972 Iowa Acts ch. 1027, § 48. Decisions under prior laws without such additional provisions are thus inapposite.

When the dissolution court dissolved the Pieper marriage in 1975, it could have included, in addition to regular child support, a clause for educational child support to age twenty-two, as we recently required be done in *Marriage of Williams,* 303 N.W.2d 160 (Iowa 1981). We see no reason why the present trial court could not add such a clause by modification upon a proper showing, at any time *until Mark becomes twenty-two,* just as a dissolution court, before (and since) amendment of the statute, could have modified the regular child support upon a proper showing, at any time *until Mark became of age.* We hold the trial court correctly interpreted the statute in its present form.

V. Loris asks affirmative relief by us by way of a further increase in the amount of the educational child support decreed by the trial court, but she did not cross appeal. *See Randolph Foods, Inc. v. McLaughlin,* 253 Iowa 1258, 115 N.W.2d 868 (1962).

AFFIRMED.