# IN THE COURT OF APPEALS OF IOWA

No. 18-0346
Filed February 6, 2019

IN THE MATTER OF THE VIRGIL DE GROOTE REVOCABLE TRUST,

**KAREN DE GROOTE,**
　　　　Appellant.
_____

Appeal from the Iowa District Court for Franklin County, Christopher C. Foy,

Judge.

Karen De Groote appeals the district court's ruling removing her as trustee

of her father's trust and ordering her to pay part of the attorney's fees of the

beneficiaries that filed the petition. **AFFIRMED.**

Brian D. Miller of Miller & Miller, P.C., Hampton, for appellant.

Chad W. Eichorn of Pearson Bollman Law, West Des Moines, for appellees.

Considered by Potterfield, P.J., Doyle, J. and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Karen De Groote appeals the district court's ruling removing her as trustee of her father's trust and ordering her to pay part of the attorney's fees incurred by the beneficiaries that filed the petition. Upon our review, we affirm the court's ruling.

### I. Background Facts and Proceedings.

In July 2008, Virgil De Groote entered into a Revocable Trust Agreement (trust), which declared Virgil as the trustor and the trustee of his private trust. The names of his then living five children were identified therein: Karen, Theresa, Christopher, Sharon, and Curtis. The trust designated Karen as successor trustee upon Virgil's death, and Theresa was designated as Karen's successor trustee. The assets of the trust were to be divided equally between Virgil's five children.

The trust granted the trustee all powers necessary to properly administrate the trust "without the necessity of notice to or approval of any court or person." The trust generally waived court reporting, but the trust permitted the trustee or any beneficiary to invoke the court's jurisdiction in the event it was necessary. Additionally, the trust required the trustee to annually "make an accounting to all beneficiaries, and the approval by a beneficiary . . . shall release and relieve the Trustee for any further responsibility or liability with respect to that beneficiary . . . for its actions during the period covered by the account."

Virgil passed away on June 8, 2015, and Karen became trustee of the trust. In July 2016, Karen's sisters Theresa and Sharon requested Karen provide a full accounting of the trust after she failed to do so within the year.

In August 2016, Karen's sisters filed a petition in district court, later

amended in October 2016, seeking invocation of the court's jurisdiction and removal of Karen as the trustee. The petition alleged Karen had failed to perform her duties as trustee and requested Theresa be named as the successor trustee after Karen's removal. On January 6, 2017, following a hearing, the district court entered its order invoking jurisdiction and ordering Karen to "provide all beneficiaries a complete itemized accounting within thirty days." The court also directed Karen to obtain an appraisal of the trust's real estate and then distribute the appraisal to the trust's beneficiaries.

In March 2017, Theresa and Sharon filed an application for rule to show cause why Karen should not be held in contempt because Karen had not provided the accounting previously ordered by the court. They asked the court to find Karen in contempt and to remove her as the trustee. Theresa and Sharon requested Karen be ordered to pay their attorney's fees in the matter.

In response, Karen advised the court "[t]he documentation was presented to some of the beneficiaries on February 6, 2017," and the documentation was forwarded "on to the attorney for Theresa DeGroote and Sharon DeGroote on February 8, 2017." Karen asserted the "documentation constitut[ed] adequate information regarding the estate and that it compl[ied] with what is required by state law." Karen stated she had not violated the court's order, but she also stated any violations "were not deliberate, willful or intentional or contemptuous."

Theresa and Sharon's application came on for trial in August 2017. Thereafter, the court entered its order denying Theresa and Sharon's application to have Karen found in contempt. However, the court granted Theresa and Sharon's request to have Karen removed as trustee and appointed a local bank as

the successor trustee. Finally, the court ordered Karen to pay $7500 toward Theresa and Sharon's attorney's fees "as a sanction for [Karen's] failure to provide a proper accounting."

Karen now appeals. She argues the district court erred in removing her as trustee and in ordering her to pay attorney's fees. Theresa and Sharon, in their appellate brief, deny Karen's claims on appeal. They also assert the district court erred in only awarding them $7500 in attorney's fees and not the higher amount they requested.

## II. Discussion.

### A. Removal of Karen as Trustee.

Karen first argues the district court erred in removing her as trustee. "Proceedings concerning the internal affairs of a trust, including proceedings to compel the trustee to account to the beneficiaries are tried in equity." *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013); *see also* Iowa Code § 633.33 (2015) (listing matters that are to be tried as law actions and noting that "all other matters triable in probate shall be tried by the probate court as a proceeding in equity"). Cases tried in equity are reviewed de novo. *See id.*; *see also* Iowa R. App. P. 6.907. "We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented." *In re Scheib Tr.*, 457 N.W.2d 4, 8 (Iowa Ct. App. 1990). "[W]e give weight to the probate court's findings, but we are not bound by them." *Trimble*, 826 N.W.2d at 482.

Iowa Code section 633A.4107(2) permits the probate court to remove a trustee or order other appropriate relief if the court finds any of the following conditions has occurred:

a. [T]he trustee has committed a material breach of the trust.

b. [T]he trustee is unfit to administer the trust.

c. [H]ostility or lack of cooperation among cotrustees impairs the administration of the trust.

. . . .

g. For other good cause shown.

In determining Karen should be removed as the trustee, the district court found:

It is clear that Karen does not understand or appreciate the importance of the fiduciary duties imposed on her in her role as trustee. It appears Karen believes that so long as she and her four siblings ultimately end up with equal distributions from the trust, what she does with the assets of the trust in the interim is not important. This attitude is very concerning to the court.

Karen has not maintained sufficient records regarding her management and use of the trust assets to fulfill the duty imposed on her under Iowa Code Section 633A.4213 to keep the other beneficiaries reasonably informed of the condition and activities of the trust. Karen used $8000 in cash held by the trust to purchase a 2005 Ford Expedition that she drives primarily for personal purposes. Although she characterizes the distributions as "loans," Karen has taken $12,354 from the trust to purchase a new sleep apnea machine for herself and to construct a new roof after a fire damaged her home in April 2016. Karen has made unequal distributions of cash from the trust to her brothers, Christopher and Curtis. She disbursed $4300 from the trust for an unsecured loan to a friend . . . . The haphazard manner in which Karen has administered the trust to this point and her inability to keep her personal finances separate from the assets and activities of the trust constitute good cause to remove Karen as trustee under . . . section 663A.4107. To ensure that the remaining assets of the trust are properly managed and protected and that the beneficiaries receive a proper accounting of the use made of the trust assets, the court concludes that Karen must be removed as trustee and a new trustee appointed.

Given the strain in relations among the De Groote siblings following the death of their father and the fact that the successor trustee will be required to evaluate the validity of potential claims that the trust may have against each of them, it is the opinion of the court that a corporate fiduciary should be appointed to serve as trustee in place of Karen.

Upon our de novo review of the record, we find no reason to disturb the district court's findings.

The court's findings clearly fall, at a minimum, within the catch-all paragraph (g) of section 633A.4017(2), which permits removal "[f]or other good cause shown." Here, the court found Karen was mismanaging the trust and commingling her personal funds with the trust's funds. The court also found the other beneficiaries' relationship with Karen was strained. For these reasons, good cause existed to remove Karen as the trustee. Consequently, the district court did not err in removing Karen as the trustee. We accordingly affirm the issue.

### B. Attorney's Fees.

### 1. Theresa and Sharon's Appellate Claim.

In the appellee's brief, Theresa and Sharon assert the district court erred in not ordering Karen to pay them a greater amount of their attorney's fees. Karen responds that the issue was not properly preserved because Theresa and Sharon failed to cross-appeal. We agree with Karen.

Even though our review is de novo, we can only consider on appeal matters properly presented to this court. *See In re Marriage of Novak*, 220 N.W.2d 592, 598 (Iowa 1974). While the prevailing party need not file a cross-appeal to save the court's judgment on an alternative ground for affirmance raised in district court, *see In re Estate of Kremer*, 845 N.W.2d 70, 75 (Iowa Ct. App. 2014), the prevailing party cannot seek a more favorable ruling than the party obtained in trial court without filing a cross-appeal. *See, e.g.*, *Midwest Hatchery & Poultry Farms, Inc. v. Doorenbos Poultry, Inc.*, 783 N.W.2d 56, 64 n.7 (Iowa 2010) (finding where party does not appeal or cross-appeal "it is entitled to no greater relief than it was accorded in the district court"); *In re Marriage of Sjulin*, 431 N.W.2d 773, 777 (Iowa 1988) ("Because Elizabeth did not cross-appeal from the district court order we

cannot now consider awarding an increase in the amount of alimony."); *In re Marriage of Pieper*, 369 N.W.2d 439, 442 (Iowa 1985) (declining relief where the party asked "affirmative relief by us by way of a further increase in the amount of the educational child support decreed by the trial court, but she did not cross appeal"); *Novak*, 220 N.W.2d at 598 ("[T]he principle of not allowing greater relief to appellee not appealing is applicable in equity actions involving modification of a divorce decree."); *Fed. Land Bank of Omaha v. Dunkelberger*, 499 N.W.2d 305, 308 (Iowa Ct. App. 1993) ("Generally, a party who has not appealed is not entitled to a ruling more favorable than it obtained in the trial court."). "Failure to bring a cross-appeal in the manner provided by the Rules of Civil Procedure precludes examination of this question upon appeal." *Novak*, 220 N.W.2d at 598. Because Theresa and Sharon did not cross-appeal the amount of the district court's award of attorney's fees, they failed to preserve the issue for our review, and we decline to reach it.

### 2. *Award of $7500 towards Theresa and Sharon's Attorney's Fees*.

Finally, Karen challenges the court's award of attorney fees to Theresa and Sharon. We review an attorney-fee award for an abuse of discretion. *Trimble*, 826 N.W.2d at 482. "A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable," which mean the grounds were "based on an erroneous application of the law." *Id.* (cleaned up).

Section 633A.4213 requires the trustee to "keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and the material facts necessary to protect the beneficiaries' interests." Specifically, that section requires the trustee to inform each qualified beneficiary "of the beneficiary's

right to receive an annual accounting and a copy of the trust instrument," "about the process necessary to obtain an annual accounting or a copy of the trust instrument, if not provided," and "whether the beneficiary will, or will not, receive an annual accounting if the beneficiary fails to take any action." Iowa Code § 633A.4213(1). The notice required under subsection 1 from the trustee to each qualified beneficiary must be provided "within a reasonable time" of either the trust administration's commencement, the trustee becomes "aware that there is a new qualified beneficiary, the trust becomes irrevocable, or "[t]he time that no person, except the trustee, has the right to change the beneficiaries of the trust. *Id.* § 633A.4213(2). Moreover, the trustee must annually provide each beneficiary "who may receive a distribution of income or principal during the accounting time period, an accounting, unless an accounting has been waived specifically for that accounting time period." *Id.* § 633A.4213(3). "If the trustee has refused, after written request, to provide an accounting or other required notice under [section 633A.4213] to a qualified beneficiary, the court may . . . [a]ssess costs, including attorney fees, against the trustee personally." *Id.* § 633A.4213(5)(a)(2).

The district court did not go into great detail about its findings and their application to section 633A.4213. The court noted it was permitted under section 633A.4213(5)(a)(2) to "award attorney fees against a trustee who fails to provide an adequate accounting after being requested to do so in writing." The court went on, finding "Karen has not fulfilled her fiduciary duty as trustee to inform and account."

Karen "readily" concedes on appeal that she received a written request to provide accounting. Her defense is that she did provide an accounting to Theresa

and Sharon. The problem, as we see it, is that, Karen was required under the terms of the trust and Iowa Code section 633A.4213 to provide the trust's beneficiaries an annual accounting of the trust. She failed to do so. Theresa and Sharon had to ask Karen to provide that accounting, and Karen did not immediately do so. Theresa and Sharon had to invoke the jurisdiction of the court to get Karen to provide the accounting. Then, approximately six months later, the court ordered Karen to provide the accounting within thirty days, and Karen failed to adequately comply with the court's order. While the court may have found Karen's actions did not rise to the level of contempt of court, the court implicitly found—and we also find on appeal—Karen refused to provide an accounting as required under section 633A.4213 when Theresa and Sharon requested the accounting in July 2016. Karen's refusal, whether merely negligent or willful, opened her up to the possibility of personal liability for the beneficiaries' attorney fees. *See id.* § 633A.4213(5)(a)(2). Such a ruling makes sense, since Theresa and Sharon had to obtain counsel, file a petition in court, then apply for a contempt-of-court finding to get Karen to provide information about the trust of which they were entitled.

Upon our review, we do not find the court's ruling unreasonable or untenable. Consequently, the court did not abuse its discretion in ordering Karen to pay part of Theresa and Sharon's attorney fees under section 633A.4213(5)(a)(2). Accordingly, we affirm the issue.

### III. Conclusion.

Because good cause existed to remove Karen as the trustee, and because the court did not abuse its discretion in ordering Karen to pay part of Theresa and Sharon's attorney fees, we affirm the ruling of the district court in all respects. Any

costs on appeal are assessed to Karen.  We do not retain jurisdiction.

**AFFIRMED.**